**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JUNE CAREY MOORE, | ) | CASE NO. 1:25-CV-238 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| v. | ) | |
| | ) | |
| CHSI EMP LLC, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

## I.    INTRODUCTION

Plaintiff June Carey Moore ("Ms. Moore") alleges that Defendant CHSI EMP LLC ("CHSI") did not compensate her for all the overtime hours she worked for the company between November 2021 and March 2023, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207. (Compl., ECF No. 1.) CHSI has denied these allegations and asserted affirmative defenses. (Ans., ECF No. 7.)

The parties have consented to a magistrate judge exercising jurisdiction over this case pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (ECF No. 10; Non-document Order, May 28, 2025.) Currently pending is Ms. Moore's motion to compel discovery (ECF No. 16); the motion is ready for adjudication.  For the following reasons, the Court GRANTS IN PART AND DENIES IN PART the motion.

## II.    PROCEDURAL HISTORY

On February 6, 2025, Ms. Moore filed a complaint against CHSI, alleging that she worked for CHSI as a mobile case manager between November 2021 and March 2023 and was not paid for all the overtime hours she worked. (Compl., ECF No. 1.) She alleged that during her

employment, she regularly worked longer than forty hours per week but CHSI refused to pay her overtime wages as required by the FLSA, 29 U.S.C. § 207.

CHSI admitted that it is a covered employer under the FLSA, that it employed Ms. Moore as a mobile case manager at multiple locations in Cleveland between November 2021 and March 2023, and that Ms. Moore was a non-exempt employee engaged in commerce or employed in an enterprise engaged in commerce. (Ans., ECF No. 7, PageID# 17.) But CHSI denied that Ms. Moore regularly worked overtime or that it failed to pay her overtime wages. (*See id.*) CHSI also asserted affirmative defenses. (*Id.*, PageID# 18–19.)

On May 28, 2025, the case was transferred to this Court's docket pursuant to the consent of the parties. (Non-document order, May 28, 2025; *see also* Consent, ECF No. 10.)

On the same day, the parties filed a joint report of their Rule 26(f) conference.[1] (ECF No. 9.) The parties conferred and agreed on discovery and dispositive-motion deadlines (*see id.* at 7), which the Court adopted. (Case Management Order, ECF No. 11, PageID# 40–41.) The deadline for the completion of fact discovery was October 1, 2025. (*Id.*, PageID# 41.) The parties thereafter exchanged initial disclosures and engaged in written discovery. (*See* ECF Nos. 12, 13, 14.)

On September 4, 2025, the Court held a status conference and granted Ms. Moore's unopposed oral motion to continue the discovery cut-off dates. (Minutes of Proceedings [non-document], Sept. 4, 2025.) At the parties' request, the Court held a further status conference on December 3, 2025. (Minutes of Proceedings [non-document], Dec. 3, 2025.) At that conference,

---

[1] Overlapping PDF headers make the PageID numbers in this filing difficult to read. This happens when a document is downloaded from CM/ECF with headers and then filed a second time, causing a second set of headers to be electronically added on top of the first. Counsel or parties downloading PDF documents from CM/ECF can download documents without headers by unchecking the box labeled "Include headers when displaying PDF documents," which is nested under "Document options," before running a docket report in the system.

the parties reported that they were working to resolve a discovery dispute. (*Id.*) The Court therefore vacated the fact discovery and dispositive motions deadlines and set a further conference for January 5, 2026. (*Id.*)

At the January 5 conference, the parties reported that they had not resolved the dispute. (*See* Minutes of Proceedings, Jan. 5, 2026.) The Court therefore set a briefing schedule to resolve the dispute. (*Id.*)

Ms. Moore filed a motion to compel on January 16, 2026, and in that motion requested discovery sanctions. (ECF No. 16.) CHSI filed a brief in opposition on February 5, 2025. (ECF No. 18.) Ms. Moore filed a reply brief *ex parte* on February 23, 2026. (ECF No. 19; ECF No. 21.)[2] CHSI filed a supplemental response on February 25, 2026 (ECF No. 20), responding to Ms. Moore's request for sanctions.

This Memorandum Opinion and Order follows.

## III.   FACTUAL BACKGROUND

CHSI employed Ms. Moore as a mobile case manager with a behavioral healthcare service. (*See* ECF No. 1, PageID# 1–2; ECF No. 18, PageID# 118.) In that role, Ms. Moore worked as a licensed chemical dependency counselor, providing substance use counseling services to residents of long-term care facilities that had been diagnosed with substance use disorders. (*See id.*) Ms. Moore says she kept notes—physically and electronically—regarding some of the hours she worked, along with patient names and an identification of the services provided. (ECF No. 16-2, PageID# 74.)

---

[2] Counsel for Ms. Moore initially, and seemingly mistakenly, filed the reply brief *ex parte*. (ECF No. 19.) Counsel refiled the reply brief today, and it is now publicly accessible. (ECF No. 21.)

During the course of this litigation, Ms. Moore served a set of requests for production of documents on CHSI. CHSI responded on September 25, 2025. (Mot. Ex. B, ECF No. 16-3.) CHSI produced a number of documents to Ms. Moore, but it consistently redacted the names of nonparty patients based on a claim that the names were protected by the physician–patient privilege. (*See* ECF No. 16-13, PageID# 106.) Specifically, these documents are emails between employees of the behavioral health service and Ms. Moore regarding her patient and billing notes; the names of the patients are redacted. (ECF No. 16-5, 16-6, 16-9, 16-10.)

Ms. Moore also requested that CHSI produce "all other documents on which Defendant bases any defense to Plaintiff's claim." (ECF No. 16-3, PageID# 83.) CHSI responded to this request, "Undetermined at this time. Defendant will supplement in accordance with the Federal Rules of Civil Procedure, Local Rules of Court and this Court's pretrial order." (*Id.*)

## IV.  LAW & ANALYSIS

Federal Rule of Civil Procedure 37(a) provides that a party may move to compel responses to discovery, including requests for production of documents. Fed. R. Civ. P. 37(a)(1)–(3). The party moving to compel "bears the burden of demonstrating [the] relevance" of the requested discovery. *White v. City of Cleveland*, 417 F. Supp. 3d 896, 902 (N.D. 2019) (quoting *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2019 WL 1760069, at *4 (S.D. Ohio Apr. 22, 2019)). If the moving party demonstrates that the requested material is relevant, "the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id.* Courts have broad discretion in overseeing the scope of discovery and ruling on motions to compel. *See James v. Cuyahoga County*, 648 F. Supp. 3d 897, 903–04 (N.D. Ohio 2022).

4

A.      **Unredacted Patient Names**

Ms. Moore contends that the patient names contained in the various email chains are relevant and necessary to her case because—if they match Ms. Moore's own personal notes of the services rendered—they would corroborate Ms. Moore's claim that she kept accurate records of her work hours and support her arguments that CHSI kept inaccurate records and should have known that she was working overtime. (*See* ECF No. 16, PageID# 57–58.)

CHSI does not seem to dispute the relevance of the redacted information. Instead, it argues that it cannot provide unredacted names by operation of state and federal laws and regulations. CHSI acknowledges that the Health Insurance Portability and Accountability Act ("HIPAA") allows a court to order disclosure of protected health information in a civil action. (ECF No. 18, PageID# 120.) But it argues that the Public Health Service Act, 42 U.S.C. § 290dd-2, prohibits disclosure.

That statute provides as follows:

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance use disorder education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e), be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b).

*Id.* § 290dd-2(a).

Among other exceptions, the statute provides that a covered record may be disclosed "[i]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor, including the need to avert a substantial risk of death or serious bodily harm." *Id.* § 290dd-2(b)(2)(C). In evaluating whether "good cause" exists, the statute instructs that a court "shall weigh the public interest and the need for disclosure against the injury

to the patient, to the physician-patient relationship, and to the treatment services." *Id.* If good cause exists, the statute states that the court, in determining the extent of the disclosure that is necessary, "shall impose appropriate safeguards against unauthorized disclosure." (*Id.*)

The statutory "good cause" requirement of § 290dd-2 is further clarified by federal regulation at 42 C.F.R. § 2.64(d), which provides that a court must determine that other means of obtaining the information are not available or would not be effective and that the public interest and need for disclosure outweigh the potential injury to the patient and their treatment.

CHSI argues that Ms. Moore's request does not demonstrate good cause because nothing "remotely suggests that disclosure is necessary to avert a substantial risk of death or serious bodily harm" here. (ECF No. 18, PageID# 122 (emphasis removed).) It contends that disclosure would serve no public interest. (*Id.*) And it insists that there is no way for the Court to fashion a protective order that adequately limits disclosure. (*Id.*)

In reply, Ms. Moore argues that this statute is not implicated because Ms. Moore already knows her own patients' names. (ECF No. 19, PageID# 140.) Put simply, there is nothing to "disclose." (*See id.*) She argues that a HIPAA-compliant protective order would adequately prevent the re-disclosure of protected information. (*See id.*)

After careful consideration, the Court finds that Ms. Moore has shown "good cause" to obtain an order requiring disclosure here. First, there is no dispute that the patient names are relevant to Ms. Moore's claims and CHSI's defenses. CHSI denies that Ms. Moore routinely worked overtime, but she contends that her contemporaneous notes show that she did. The question of whose records are more credible is a central part of this case, and CHSI's contemporaneous records of the patients Ms. Moore worked with and dates that she worked with them could very well affect a factfinder's evaluation of credibility.

6

Second, it does not appear that other ways of obtaining this information are available or would be effective. *See Fannon v. Johnston*, 88 F.Supp.2d 753, 759 (E.D. Mich. 2000). The records are uniquely within CHSI's custody and control.

Third, the public interest and need for disclosure outweigh the potential injury to the residents, the physician–patient relationship, and the treatment service. The Court disagrees that there is no public interest to be found here. The parties and the Court have an important interest in the "search for the truth and for a just result in this litigation." *Hughes v. City of Louisville*, NO. 3:02CV-60-S, 2005 WL 8174380, at *6 (W.D. Ky. Jan. 26, 2005). And the public has an interest in seeing that covered employers comply with federal employment laws.

The Court further finds that the residents' privacy interest can be adequately protected by means of a protective order and otherwise throughout the course of litigation. The Court agrees that the residents' privacy interest is reduced in this particular case because the disclosure sought is the disclosure of their names to one of their treating professionals. Ms. Moore already knows who she treated. The risk, then, is that disclosure to Ms. Moore will somehow lead to further disclosures.

Here, the Court is confident that it can craft appropriate safeguards to protect the residents' identities. The central question, as the parties frame it, is whether the patient names and dates of service as reflected in these emails match Ms. Moore's personal notes. The actual identity of the resident, therefore, is not particularly relevant beyond confirming whether the parties' records match. The Court does not see how the residents' privacy interest could not be adequately addressed, then, by referring to residents by initials only (or by a generic term like "Patient 1" and "Patient 2"). Accordingly, the Court finds that good cause exists to order the disclosure of the unredacted emails pursuant to Section 290dd-2(b)(2)(C).

CHSI next argues that Ms. Moore's professional ethical obligations prevent it from disclosing these names. CHSI points out that Ms. Moore, as a licensed chemical dependency counselor, is prohibited from revealing confidential information unless the client consents, "unless there is a serious and current or imminent threat of harm to the client of others or as otherwise authorized by law." *See* Ohio Admin. Code § 4758-8-01(C)(1)(j). CHSI also directs the Court to Ohio Revised Code Section 4758.06, which states that a licensee cannot disclose any information regarding the identity of a client "except for the purposes and under the circumstances expressly authorized by 42 U.S.C.A. 290dd-2, regulations promulgated pursuant to that federal law." Ohio Rev. Code § 4758.06.

CHSI cites no caselaw establishing that Ms. Moore's professional obligations to her clients prevent *it* from disclosing the unredacted patient names. Nevertheless, the Court notes that the regulation provides for confidentiality "**as established by law** or the professional standards of practice." Ohio Admin. Code § 4758-8-01(C)(1)(j) (emphasis added). And the corresponding statute allows disclosure when authorized by 42 U.S.C. § 290dd-2. As discussed above, disclosure is authorized here under that statute.

Moreover, the fact that Ms. Moore has professional confidentiality obligations in addition to any protective order entered in this matter, and already knows the names of her patients, support the argument that disclosure of these names would not be a breach of confidentiality. And CHSI concedes that its own obligations under state law mirrors 42 U.S.C. § 290dd-2. (ECF No. 18, PageID# 124.)

CHSI next argues that there is no Ohio common law exception to the physician–patient privilege, citing *Roe v. Planned Parenthood Sw. Ohio Region*, 912 N.E.2d 61, 67 (Ohio 2009). But this argument presupposes that there is no statutory exception that applies here. As the Ohio

Supreme Court stated in *Roe*, any exception to the physician–patient privilege to allow the discovery of a nonparties' medical records "is a matter for the General Assembly to address." *Id.* at 71. Here, CHSI concedes that Ohio law allows for disclosure when disclosure is authorized by 42 U.S.C. § 290dd-2. And disclosure is authorized here for the reasons stated above.

Finally, CHSI argues that it could be subjected to lawsuits from the residents whose names are disclosed. While not expressly so framed, this seems to be an argument that this risk presents an "undue burden" outweighing the likely benefit of disclosure to the litigation. *See* Fed. R. Civ. P. 26(a). The Court is not convinced. As discussed above, a central issue in this case will be whether the factfinder believes Ms. Moore's records or those of CHSI. Whether CHSI's contemporaneous emails corroborate Ms. Moore's notes could be critical to that consideration. Moreover, Ohio common law provides for an independent tort action for the "**unauthorized**, unprivileged disclosure to a third party of nonpublic medical information that a physician or hospital has learned within a physician-patient relationship." *See Biddle v. Warren Gen. Hosp.*, 715 N.E.2d 518, 523 (Ohio 1999) (emphasis added). CHSI cites no caselaw that disclosure pursuant to a court order presents an unreasonable risk of tort liability.

Having found that good cause exists to order the disclosure of the unredacted emails pursuant to Section 290dd-2(b)(2)(C), the Court will grant the motion to compel to the extent that it requires CHSI to produce—pursuant to a protective order, which is discussed further below— unredacted copies of the records Bates stamped CHSI EMP 00223, 00224, 00232, 00233, 000236, 00237, and 00238.

## B. Sixth Production Request

In her motion to compel, Ms. Moore requested an order compelling CHSI to produce "all other documents on which Defendant bases any defense to Plaintiff's claim." CHSI responded that

it "is not currently aware of any other document that is relevant to the claims or defenses to Plaintiff's Complaint for unpaid overtime." (ECF No. 18, PageID# 127–28 (emphasis removed).) In reply, Ms. Moore seems to concede that—in light of that representation—there is nothing for the Court to compel with respect to this request for production. (*See* ECF No. 19, PageID# 144.) Ms. Moore instead argues that CHSI's refusal to provide that answer earlier entitles her to discovery sanctions. Therefore, to the extent that Ms. Moore has not withdrawn her request for an order on Request for Production Number 6, the Court will deny that request.

The Court turns next to the issue of sanctions.

### C.      Sanctions

Rule 37(b) provides that if a party fails to obey an order to provide or permit discovery, the court may impose sanctions, including, but not limited to, striking pleadings, rendering a default judgment, or holding a party in contempt. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(a)(5)(A) further provides that, if a party prevails on a motion to compel, the court must order the nonmoving party or their counsel to pay the movant's reasonable expenses, including attorney fees, unless the nondisclosure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). This Court has discretion to determine whether sanctions are appropriate. *First Bank of Marietta v. Hartford Underwriters Ins.,* 307 F.3d 501, 510 (6th Cir. 2002).

CHSI argues that sanctions are not warranted because it has interposed "good faith objections supported by existing law" and constructively engaged in dialogue with Ms. Moore and the Court with respect to this discovery dispute. (Sur-Reply, ECF No. 20, PageID# 148.)

After careful consideration, the Court finds that sanctions are not warranted. Having had the opportunity to oversee this litigation to date—including holding a conference on this discovery

10

dispute and reviewing counsel's correspondence as attached to briefing on the motion to compel, among other things—the Court finds that CHSI's refusal to provide unredacted patient names, while ultimately unsupported, was justified. In light of the significant privacy interests at stake, the highly regulated industry in which CHSI operates, the complex interplay between privilege and statutory protections applicable, and the fact that there is little caselaw directly applicable to the question at hand, the Court is convinced that CHSI's objection raised an issue about which there was a genuine dispute. *See  Doe v. Lexington–Fayette Urban County Gov't*, 407 F.3d 755, 766 (6th Cir. 2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). Reasonable people could differ as to the appropriateness of disclosing the unredacted patient names. *See id.*

Further, while CHSI's communication regarding the sixth production request could have been better, the Court does not find a failure so egregious as to warrant sanctions. Accordingly, the Court therefore declines to impose discovery sanctions.

## V.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Ms. Moore's motion to compel (ECF No. 16).

The parties are directed to confer and file, within fourteen days, a joint proposed protective order. The order must qualify as a HIPAA qualified protective order and may contain additional limitations upon which the parties may agree. If the parties cannot reach an agreement on all the terms of the protective order, the parties shall file a notice identifying the area(s) of disagreement and briefly set forth the parties' positions on each area.

Within fourteen days of the Court's entry of a protective order, CHSI is ordered to produce unredacted copies of the documents Bates stamped CHSI EMP 00223, 00224, 00232, 00233, 00236, 00237, and 00238.

The motion is otherwise DENIED.


**IT IS SO ORDERED.**

/s/ Jennifer Dowdell Armstrong
JENNIFER DOWDELL ARMSTRONG
UNITED STATES MAGISTRATE JUDGE

Dated:  March 25, 2026